G., H. & S. A. R'Y CO. v. E. VAN WINKLE & CO.

(No. 5665.)

APPEAL from Caldwell County.   Opinion by WHITE, P. J.

*(Transferred from Austin.)*

SPRINGFELLOW & MCNEAL and W. N. SHAW, counsel for appellant.

No counsel appeared for appellees.

§ **443.** *Railroad company not liable for damage to goods occurring on another line, when; case stated.*   Appellees sued appellant for damage to a gin, condenser and feeder shipped from Atlanta, Georgia, to Luling, Texas, claiming $400 as the amount of damage.   They recovered judgment for $124 and costs.   Among other defenses appellant pleaded that the railroad company at Atlanta, where said goods were shipped, was not authorized to bind appellant to any contract of carriage, nor did appellant ratify any contract made by said company with respect to said goods; that appellant received the goods for carriage at Houston, Texas, not as through freight, but as way freight, and carried the same to Luling, Texas, charging local rates thereon; that when it received said goods the same were damaged, and it receipted therefor in a damaged condition, and delivered the same without further damage.   This plea was stricken out by the court. *Held* error.   Said plea presented a good legal defense to the action.   In order to hold one carrier responsible for the default of another, a partnership between them must

be shown, either express or implied, or it must appear that the one was acting as the agent of the other against whom the recovery is sought.    [2 App. C. C. § 431.]

§ 444. *When suit is on bill of lading the bill of lading must be produced in evidence, etc.*    This suit was founded upon a bill of lading, but the bill of lading was not produced in evidence, nor was its non-production accounted for, and hence appellees were not entitled to recover. [2 App. C. C. § 166; *ante*, § 187.]

§ 445. *Goods not damaged so as to be worthless must be received by consignee, etc.*    The goods were not a total loss, but were only damaged.    Appellant was entitled to offset the damage by a reasonable charge for storage after the time when appellees refused to receive said goods. [R. S. art. 4237.]    So long as goods remain in specie, however much they may be depreciated in value, the consignee or owner must receive them when tendered by the carrier, and can recover from the carrier only the damages for the delay or injury.    It is the duty of the owner or consignee to receive the goods, and the receipt of them is usually not a waiver of a claim for damages. This duty to receive exists so long as the goods are not substantially changed, but remain fit for the ordinary uses for which they are intended.    There cannot be a *quasi* conversion of the goods by the carrier unless the goods are a total loss or so injured as to be worthless.    [Field on Dam. § 383; Hutch. on Carriers, § 775; Edwards on Bailments, § 610; 1 App. C. C. § 815.]

March 6, 1889.    Reversed and remanded.